No. 459.

DANGELO et al v. McLEAN FIRE BRICK CO.

U. S. Circuit Court of Appeals, Sixth Circuit
No. 3728. 287 Fed. 14. Decided March 6, 1923

APPEAL AND ERROR—(1) Refusal to charge not reviewable where request to charge not in record—(2) In absence of evidence in record, charge presumed applicable to evidence. NUISANCE—(3) Deposit of brick plant refuse on another's premises not a public nuisance—(4) Charge that brick plant's use of soft coal was not unlawful, held proper. APPEAL AND ERROR—(5) Instruction held not prejudicial.

DONAHUE, J.

Epitomized Opinion

Dangelo et al were owners of a tract of land consisting of about 50 acres located in Columbiana county, Ohio, upon which was situated a dwelling house and barn. The property was occupied by them as a home and barn for agricultural purposes. the McLean Fire Brick Co. operated a brick plant on a tract of land directly adjacent to these premises and was the owner of the fire clay and coal in, on and underlying the land owned by plaintiffs. Plaintiffs brought an action before Judge Westenhaver of the U. S. District Court against the Brick Co. to recover on two separate causes of action. One was for damages occasioned to plaintiffs' land by negligently and carelessly mining the clay and coal therefrom without leaving sufficient support to protect the surface. The second was for special damages for injury to plaintiffs' private property occasioned by the deposit of sulphur fumes, poisonous vapor, and viscous substances. To the first cause of action the defendant filed a general denial and set up four-year statute of limitations. To the second cause of action the defendant, in addition to setting up the above defenses, also claimed that it had acquired an easement by adverse possession. Plaintiffs then filed a reply denying the existence of such an easement. Upon the issues so joined,

the jury returned a verdict for the defendant and a judgment was entered accordingly. Plaintiffs then prosecuted error to the U. S. Circuit Court. In sustaining the judgment of the lower court, this court held:

1. Error in refusing to charge as requested is not reviewable where the transcript of record does not contain appellant's request to charge.

2. Where the transcript of the record does not contain the evidence, the presumption obtains that the court's charge was correct and responsive to the issues as developed by the evidence as well as by the pleadings.

3. The contention of plaintiff that defendant could not acquire an easement to commit a public nuisance was not applicable where the facts disclosed that the nuisance complained of was private in character.

4. The court properly charged the jury that the use of bituminous coal in the operation of a brick plant is not unlawful.

5. Any error in a charge which could effect only plaintiff's right to punitive damages was not prejudicial where the jury found against plaintiff on the question of actual damages, there precluding allowance of punitive damages.

Attorneys—P. M. Smith, for Dangelo; W. F. Lones, Squire, Sanders & Dampsey, for McLean Co.